**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**STUART A. WEXLER**
Trial Attorney, Tax Division
Stuart.A.Wexler@usdoj.gov
**RYAN R. RAYBOULD**
Trial Attorney, Tax Division
Ryan.R.Raybould@usdoj.gov
1000 SW Third Ave, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:15-CR-00438-JO |
| v. | **GOVERNMENT'S NOTICE CONCERNING ARRAIGNMENT HEARING SET FOR** |
| **WINSTON SHROUT,** | **FEBRUARY 3, 2016** |
| **Defendant.** | |

The United States of America, by and through Billy J. Williams, United States

Attorney for the District of Oregon, and Stuart A. Wexler and Ryan R. Raybould, Trial

Attorneys, Tax Division, hereby files this Notice Concerning Arraignment Hearing Set

for February 3, 2016, regarding arraignment of the defendant in this matter, which was

held over from the defendant's initial appearance before Magistrate John V. Acosta on

January 7, 2016.  During the defendant's initial appearance, the issues of counsel for the

defendant and arraignment were left unresolved; the government files the instant Notice

to brief the Court on what transpired before Judge Acosta on January 7 and to provide guidance on the resolution of appointment of counsel and arraignment on February 3.

**Procedural History**

On December 8, 2015, the Grand Jury returned an indictment charging Defendant Winston Shrout with six misdemeanor counts of willful failure to file a tax return, in violation of 26 U.S.C. § 7203. (Doc. 1). Initial appearance and arraignment were scheduled for January 7, 2016, before Magistrate Judge John V. Acosta.

On January 7, the defendant appeared before Judge Acosta without retained counsel. Assistant Federal Public Defender Ruben L. Iniguez appeared on the defendant's behalf. Mr. Iniguez informed the Court that the defendant advised Mr. Iniguez that he neither wanted Mr. Iniguez appointed as counsel for the defendant, nor did the defendant wish to represent himself during the pendency of this matter. Judge Acosta determined that the issue of representation would best be resolved before the district court and, therefore, did not conduct a *Faretta* inquiry. Judge Acosta did, however, appoint Mr. Iniguez for the limited purpose of "advisory counsel" during the January 7 hearing to facilitate the proceeding.

During his initial appearance, the defendant also stated that he had only a limited time to review the indictment. Based on the defendant's apparent limited knowledge of the charges pending against him and the unresolved issue of representation, Judge Acosta did not take a plea from the defendant. After consulting with both government counsel and Mr. Iniguez, Judge Acosta further did not enter a plea on the defendant's behalf. [1]

---

[1] During the course of the proceeding, the defendant did state that he wished to plead guilty. This statement, however, was made in response to an unrelated question from Judge Acosta and in light of the defendant's admission that he had limited knowledge of the charges in the Indictment. As a result, Judge

**Government's Notice Concerning Arraignment Hearing**                    Page 2

Instead, Judge Acosta held over arraignment in this case to be conducted once the issue of representation was resolved. Since the defendant was not arraigned on January 7, Judge Acosta further did not set a trial date in this case and waived the 14-day discovery deadline.

The issues of counsel for the defendant and arraignment are now pending before this Court in a hearing set for February 3, 2016; once resolved, a trial calendar for this case should be set.

**Discussion**

> **I.      *Appointment of Counsel***

The first issue the Court should address is the defendant's Sixth Amendment right to counsel.  The issue of counsel should be resolved as early as possible to protect the defendant's Sixth Amendment rights. *See Kirby v. Illinois*, 406 U.S. 682, 689 (1972) ("[It is at the initiation of a judicial criminal proceeding] the defendant [then] finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law.").

The Sixth Amendment guarantees a defendant's right to counsel. *Faretta v. California*, 422 U.S. 806 (1975).  This right attaches no later than the filing of an Indictment against the defendant. *United States v. Harrison*, 213 F.3d 1206, fn.5 (9th Cir. 2000) (citations omitted).  The defendant also has a Sixth Amendment right to represent himself in this criminal case. *See Faretta,* 422 U.S. at 807.  In order to assert this right, however, the defendant must make a knowing, intelligent, and unequivocal waiver of his right to counsel, often referred to as a *Faretta* waiver. *United States v. Erskine*, 355 F.3d

Acosta did not accept the defendant's utterance as an actual plea of guilty in this case and, instead, advised the defendant to review the Indictment in advance of the February 3 arraignment hearing.

1161 (9th Cir. 2004); *Hendricks v. Zenon*, 993 F.2d 664 (9th Cir. 1993); *United States v. Balough*, 820 F.2d 1485 (9th Cit. 1987).  If the defendant is unable or unwilling to waive his Sixth Amendment right to counsel, this Court should appoint counsel for the defendant.

During the defendant's initial appearance before Judge Acosta, the defendant appeared without retained counsel.  Assistant Federal Public Defender Ruben Iniguez was the duty public defender for January 7 and appeared on the defendant's behalf.  Mr. Iniguez informed the court, after discussions with the defendant, that the defendant neither wanted Judge Acosta to appoint Mr. Iniguez as his attorney, nor did the defendant wish to represent himself in this matter.  Upon further inquiry, the defendant appeared to indicate that he did not want any court-appointed attorney, although he was willing to have Mr. Iniguez act as standby counsel.[2] Judge Acosta neither appointed Mr. Iniguez as counsel for the defendant nor conducted an inquiry to determine whether the defendant waived his Sixth Amendment right to counsel.  Whether the defendant intends to proceed with or without counsel is an issue before this Court.  Nevertheless, the defendant's reference to "standby counsel" at his initial appearance favors an interpretation that, despite his assertions, the defendant has some form of self-representation in mind.

As noted above, the Supreme Court has recognized that a defendant under indictment has both the right to counsel and "the right to proceed without counsel when he voluntarily and intelligently elects to do so." *Faretta*, 422 at 806.  There are only two instances in which this right to self-representation may be overridden.  First, the defendant cannot choose to represent himself if he is not competent to waive his

---

[2]    The appointment of standby counsel is only appropriate when the defendant proceeds *pro se* in his defense. Since the issue of whether the defendant was proceeding *pro se* or with appointed counsel was left unresolved, the appointment of Mr. Iniguez as standby counsel on January 7 would have been premature.

**Government's Notice Concerning Arraignment Hearing**                                    Page 4

constitutional right to counsel. *United States v. Hernandez*, 203 F.3d 614, 621 fn. 8 (9th Cir. 2000). A defendant's waiver of the right to counsel must be knowing and voluntary. *United States v. Johnson*, 610 F.3d 1138, 1144 (9th Cir. 2010); *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984). Second, the defendant cannot represent himself if he is not "able and willing to abide by the rules of procedure and courtroom protocol." *McKaskle*, 465 U.S. at 173. If the defendant's waiver of his Sixth Amendment right meets these requirements, a court must permit the defendant to proceed *pro se*. *See Hernandez*, 203 F.3d at 620-21.

While the Court should conduct an inquiry to determine whether the defendant has waived his right to counsel, the Ninth Circuit has held that there is no formula or script a district judge must recite when a defendant notifies the court he wishes to proceed without a lawyer. *United States v. Gerritsen*, 571 F.3d 1001, 1007 (9th Cir. 2009) (citations omitted). Instead, the adequacy of the inquiry depends upon "the particular facts and circumstances" presented by the case. *Id.* at 1008.

**<u>Determining Whether the Waiver is Knowingly and Intelligently Made</u>**

The Ninth Circuit requires a knowing, intelligent, and unequivocal request to invoke the Sixth Amendment right to self-representation. *Hendricks v. Zenon*, 993 F.2d 664 (9th Cir.1993); *United States v. Balough*, 820 F.2d 1485 (9th Cir. 1987).

To ensure an election to proceed *pro se* is truly voluntary and intelligent, a defendant "should be made aware of the dangers and disadvantages of self-representation," the nature of the charges and the possible penalties, and he must understand that lawyers possess a "superior ability" to handle the "core functions"

demanded of a trial lawyer. *United States v. Gerritsen*, 571 F.3d 1001, 1007 (9th Cir. 2009) (citations omitted).

In addition to the warnings and admonitions given in all requests for self-representation, the defendant should be advised and questioned about the following issues:

      a.     The defendant must be advised of the nature of the charges and the potential penalties he is facing. The defendant is charged with six misdemeanor counts of willfully failing to file an annual income tax return, in violation of 26 U.S.C. § 7203. In order to be found guilty of this offense, the government must prove the following elements beyond a reasonable doubt:

First, the defendant was required by law or regulation to file a tax return concerning his income for the taxable years 2009 through 2014;

Second, the defendant failed to file such return at the time required by law; and

Third, in failing to file the tax return, the defendant acted willfully. *United States v. Poschwatta*, 829 F.2d 1477, 1481 (9th Cir. 1987).

The maximum potential sentence per count of conviction is 1 year of imprisonment, a term of supervised release of 1 year, a fine of $25,000 or twice the gross gain or loss of the offense (whichever is greater), and a $100 mandatory fee assessment. 26 U.S.C. § 7203; 18 U.S.C. § 3571(d). Under the advisory sentencing guidelines, the defendant's base offense level is 16, corresponding to a term of imprisonment of 21 to 27 months. U.S.S.G. §§2T1.1(a) & (c)(2); 2T4.1(F).

      b.     The Court should inquire into the defendant's familiarity with: the criminal justice system generally, criminal discovery requirements, criminal pretrial

motions practice, the Federal Rules of Evidence, the conduct of a criminal trial, the

federal sentencing guidelines, and the federal appeals process.

       c.     The Court should inquire about the defendant's access to and

familiarity with a law library and legal research databases.

       d.     The defendant should be warned that motions he files in this case,

and motions, complaints, notices, and other writings delivered to various government

agencies can contain statements that may be used against him in this case.  For instance,

immediately following the defendant's indictment in this case, the defendant delivered to

the government prosecutors – through a third party – a collection of documents asserting

the defendant's sovereignty and demand that the government "cease and desist

immediately any and all procedures" against the defendant. *See* Attachment A.

Additionally, shortly thereafter the defendant mailed to the Department of Justice, the

Internal Revenue Service, and the Clerk of the Court for the District of Oregon an

"Affidavit of Obligation Commercial Lien" in which the defendant asserted a monetary

claim against numerous federal government and Court officials totaling $7 trillion.  *See*

Attachment B.  Finally, on January 20, the defendant filed in this case both a "Lien and

Invoice" naming the Honorable Judge Jones as his fiduciary and empowering Judge

Jones to pursue payment of the defendant's invoice against the Court of $1 billion, as

well as a bogus financial instrument wherein the defendant directs the U.S. Treasury to

pay off certain debts of the defendant. (Doc. 9 and 10.)

**<u>Willingness to Abide by the Rules of Procedure and Courtroom Protocol</u>**

     A defendant may not use the right of self-representation to disrupt the judicial

system. *See Faretta*, 422 U.S. at 834-35 & n.46 ("The right of self-representation is not a

license to abuse the dignity of the courtroom."). The defendant's conduct during his initial appearance and the various frivolous documents he has both filed and mailed to the government suggests disruption of the proceedings in this case is likely to be a continuing theme.

In *United States v. Mack*, the Ninth Circuit reviewed the "first principles" of a properly conducted judicial proceeding, which is required by due process. *See* 362 F.3d 597, 600 (9th Cir. 2004). Among other things, the court noted that although a defendant has the right to represent himself, that "does not mean that the defendant's right to self-representation overcomes the court's right to maintain order in the courtroom and conduct proceedings in a manner consonant with our trial traditions." *Id.* at 601 (citing *McKaskle*, 465 U.S. at 173). The court also recited the Supreme Court's conclusion in *Faretta* that the trial court may terminate self-representation by a defendant who engages in serious and obstructionist misconduct because "the right to self-representation is not a license to abuse the dignity of the courtroom." *Id.* (quoting *Faretta*, 422 U.S. at 834, n.46). The Ninth Circuit summed it up this way: "A defendant does not forfeit his right to representation when he acts out. He merely forfeits his right to represent himself in the proceeding." *Id.*

A district court need not wait for a defendant's misbehavior or noncompliance to occur during trial, and may properly deny or revoke a defendant's *pro se* status when confronted with a defendant who steadfastly refuses to proceed or obey the orders of the court. *United States v. Flewitt*, 874 F.2d 669, 674 (9th Cir. 1989); *United States v. Brock*, 159 F.3d 1077 (7th Cir.1998). The Ninth Circuit in *Flewitt*, expressly recognized that a defendant's behavior during pretrial proceedings is relevant in deciding whether to allow

a defendant to continue self-representation if that behavior affords the trial court "a strong indication that the defendant[] will disrupt the proceedings in the courtroom." 874 F.2d at 674.

Nevertheless, a defendant may not be denied the right to self-representation for being "wacky," filing nonsensical pleadings, or being uncooperative unless the conduct rises to the level of being disruptive, defiant, or exhibiting such disregard for courtroom rules or protocol that it makes it impossible to administer fair proceedings. *United States v. Johnson,* 610 F.3d 1138, 1144 (9th Cir. 2010).

In this case, the court should inquire specifically into defendant's intentions with self-representation. The government requests that defendant be questioned on the following issues – along with others the court deems appropriate – so the court can ascertain whether the defendant is able and willing to abide by the rules of procedure and courtroom protocol:

      a.    The defendant must abide by the procedural and evidentiary rules, and the Court may revoke his self-representation and appoint counsel in the event that the defendant uses the right of self-representation to disrupt the judicial process at any time in the proceeding.

      b.    The defendant may not make legal arguments to the jury, or seek to introduce evidence, that are ideologically motivated, extraneous, or irrelevant to whether the defendant is guilty of the crime charged.

      c.    If the defendant fails to comply with the rules and orders of the Court and engages in disruptive behavior, he could be removed from the courtroom pursuant to Federal Rule of Criminal Procedure 43(c)(1)(C).  In that case, he would

waive his right to further self-representation and his standby counsel should be appointed to represent him.

        d.     If the defendant fails to comply with the rules and orders of the Court, he could be held in contempt of court and face additional charges or penalties as a result of that conduct.

After completing the inquiry, if the defendant is unable or unwilling to make a knowing, intelligent, and unequivocal waiver, or comply with Court procedure, the Court should appoint counsel for the defendant to protect the defendant's Sixth Amendment rights. If the defendant persists in his position that he does not want court-appointed counsel, the Court may find Judge Simon's Order in *United States v. Julison* instructive. *See* Attachment C.

## II.    *Arraignment of Defendant*

Once the issue of representation for the defendant has been resolved, the Court may proceed to arraign the defendant. As noted, the defendant was indicted in the District of Oregon on December 8, 2015, and charged with six (6) misdemeanor counts of willful failure to file an income tax return. (Doc. 1.) While the defendant appeared before Magistrate Judge Acosta on January 7 for his scheduled arraignment, the defendant was not arraigned on that date. The defendant was not advised of the charges against him and the defendant neither entered a plea nor did the court enter one on the defendant's behalf. *See* Fed. R. Crim. P. 10.[3]

---

[3]      While Fed. R. Crim. P. 11(a)(4) indicates that the court must enter a plea of not guilty if the defendant refuses to enter a plea, Judge Acosta did not enter a plea on the defendant's behalf. Judge Acosta did not enter a plea, after consulting both Mr. Iniguez and the government, because no arraignment took place. The January 7 hearing was, in effect, an aborted attempt at an arraignment. *See Hunter v. United States*, 339 F.2d 425 (9th Cir. 1964). Due to the unresolved issue of representation, as well as the defendant's odd behavior and general lack of awareness of the charges against him, Judge Acosta

**Government's Notice Concerning Arraignment Hearing**           Page 10

Sufficient time has now elapsed that the defendant should be fully aware of the charges in the Indictment; he was provided a copy of the Indictment at his initial appearance. Further, once the issue of representation is resolved, the defendant will have the opportunity to consult with either himself or an attorney before entering a plea in this case. Therefore, once the issue of counsel is resolved, there should be no impediment to arraigning the defendant. If the defendant persists in not entering a plea even with the benefit of counsel, the Court *must* enter a plea of not guilty for the defendant. *See* Fed. R. Crim. P. 11(a)(4).

The government argued conditions of release before Judge Acosta. Assuming the defendant appears on February 3, the government has no additional argument concerning release conditions. The government would note for the Court, however, that after Judge Acosta admonished the defendant to not persist in frivolous mailings to the government, the defendant filed additional frivolous and threatening documents to the docket for this case. (Doc. 9 & 10.) The government requests that the Court additionally admonish the defendant concerning these communications and, if counsel is appointed, advise the defendant that all pleadings, motions, etc., in this case should be made by counsel and not the defendant.

## Conclusion

Resolving the defendant's Sixth Amendment rights and formally arraigning the defendant should allow this matter to proceed. The government requests that a trial date be set in the matter to accommodate a 2-day jury trial. The government initially requests that the trial be set no earlier than April 4 to allow for continuity of counsel. Since the

---

determined that it was more appropriate to re-attempt an arraignment on February 3. Neither party objected to this approach.

**Government's Notice Concerning Arraignment Hearing**                    Page 11

defendant's rights under the Speedy Trial Act do not commence until arraignment, April 4 falls within 70 days of his arraignment on February 3. *See United States v. Nance*, 666 F.2d 353, 356 (9th Cir. 1982) ("Indictment or arraignment, whichever is later, commences the Speedy Trial Act's seventy day mandatory trial period."). The government additionally suggests that discovery be due within 14 days of arraignment and that motions *in limine* be due no later than 21 days prior to trial.

Dated this 29th day of January 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Stuart A. Wexler*
STUART A. WEXLER
RYAN R. RAYBOULD
Trial Attorneys, Tax Division
(202) 305-3167

**Government's Notice Concerning Arraignment Hearing**                    Page 12

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 29, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant.  Additionally, a copy of the foregoing was emailed to the defendant at wshrout@infowest.com.

/s/ *Stuart A. Wexler*
STUART A. WEXLER
Trial Attorney, Tax Division

**Government's Notice Concerning Arraignment Hearing**                    Page 13