# ATTACHMENT C
## Order Clarifying Role of Defense Counsel in this Case
### *United States v. Julison*, 3:11-cr-00378-SI

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**MILES J. JULISON**,

Defendant.

Case No.: 3:11-cr-00378-SI

**ORDER CLARIFYING ROLE OF DEFENSE COUNSEL IN THIS CASE**

S. Amanda Marshall, United States Attorney, District of Oregon, and Seth D. Uram and Ryan W. Bounds, Assistant United States Attorneys, 1000 S.W. Third Avenue, Suite 600, Portland, Oregon 97204-2902. Attorneys for Plaintiff.

Patrick J. Ehlers, Federal Public Defender's Office, 101 S.W. Main Street, Suite 1700, Portland, OR 97204. Attorney for Defendant.

**SIMON, District Judge**.

In this criminal case, Defendant Miles J. Julison is charged with two counts of making false claims against the United States, in violation of 18 U.S.C. § 287. After the grand jury returned its indictment but before Defendant's first appearance and arraignment, Defendant, acting *pro se,* filed counterclaims, a motion to strike, and motions to dismiss (arguing, among other things, improper service of process and failure to state a claim). ECF Nos. 6 and 7. During Defendant's first appearance and arraignment, the U.S. Magistrate Judge entered a plea of not guilty on behalf of Defendant. ECF No. 8. The following day, the Government moved for a *Faretta* hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975). ECF No. 12. The Court attempted to hold that hearing, but Defendant did not meaningfully respond to the Court's

questions. Accordingly, the Court found that Defendant did not unequivocally, knowingly, and voluntarily waive his right to counsel, and the Court appointed Patrick J. Ehlers as counsel of record for Defendant. ECF No. 20.

Based upon statements that have been made to the Court, including by Defendant, as well as the Court's own observations, it does not appear that Defendant is assisting in his own defense or even communicating with his court-appointed counsel. After receiving the report of a court-ordered forensic psychological evaluation of Defendant, the Court concluded that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, but has chosen not to assist in his defense. ECF Nos. 151 (sealed) and 152. The Court has, on several occasions, offered Defendant the opportunity to engage in a colloquy with the Court, consistent with *Faretta*, to determine whether Defendant unequivocally, knowingly, and voluntarily waives his right to counsel, and each time the Defendant has declined to participate. The most recent opportunity that was offered to Defendant took place at the status conference held on April 15, 2013. ECF No. 152. During that status conference, the Court set a trial date of August 5, 2013. *Id.* Also at that status conference, Defendant's counsel, Mr. Ehlers, orally moved for a written order from the Court clarifying counsel's role under these circumstance. The Court grants that oral motion and provides this written order.

Ordinarily, a court-appointed attorney's "principal responsibility is to serve the undivided interests of his client." *Ferri v. Ackerman*, 444 U.S. 193, 204 (1979). "Situations arise, however, in which a lawyer is appointed to represent someone who declines the representation." American Bar Association Formal Opinion 07-448 (Oct. 20, 2007). To determine the appropriate scope of Mr. Ehlers' role, therefore, the Court must begin by determining whether Mr. Ehlers and Defendant have formed an attorney-client relationship. If Mr. Ehlers and Defendant are not in an

attorney-client relationship, Mr. Ehlers does not have a professional responsibility to adhere to the Oregon Rules of Professional Conduct governing representation. Mr. Ehlers, however, would still have the duty and responsibility to defend Defendant pursuant to and consistent with the previous order of the Court appointing Mr. Ehlers as counsel of record for Defendant.

Under Oregon law, the "existence of a lawyer-client relationship may be inferred from the circumstances and the conduct of the parties, and does not depend on a formal agreement." *In re Conduct of Wittemyer*, 328 Or. 448, 456 (1999). Here, there is no formal agreement between Mr. Ehlers and Defendant. In addition, the circumstances and conduct of the parties demonstrate that Mr. Ehlers and Defendant have not entered into an attorney-client relationship. Among other things, from time to time during court proceedings, Defendant has stated to the Court words to the effect that if Mr. Ehlers believes he represents Defendant, "he is fired." (Defendant has also stated that he "fires" the Government attorneys in this case as well as the trial judge.) The Court, therefore, concludes that Mr. Ehlers and Defendant are not in an attorney-client relationship.

Where a court has appointed an attorney to represent a party, but that party has, nonetheless, refused representation, the American Bar Association has stated that the attorney's legal duties are defined by the court:

> When a tribunal requires a lawyer to act on behalf of a person against that person's will, there are two potential sources for the lawyer's obligations: (a) the express or implied terms of the order under which the obligation to act is imposed, and (b) the lawyer's obligations under the Rules to persons other than clients. Because the defendant never has accepted the representation, he has no basis to require or even to expect the lawyer to satisfy any of the obligations defined by those Rules that apply to the client-lawyer relationship.

Page 3 – ORDER CLARIFYING ROLE OF DEFENSE COUNSEL IN THIS CASE

American Bar Association Formal Opinion 07-488 (footnotes omitted). Because Defendant has refused Mr. Ehlers' representation, Mr. Ehlers is not obligated to adhere to the Oregon Rules of Professional Conduct governing the attorney-client relationship.

Nonetheless, the Court has found that Defendant has failed to waive, unequivocally, knowingly, and voluntarily, his right to representation by counsel, which is a requirement before Defendant may be allowed to serve as his own counsel and represent himself *pro se*. *See, e.g.,* ECF Nos. 20 and 152; *see also Faretta v. California*, 422 U.S. 806 (1975). As explained above, although Mr. Ehlers is not ethically obligated to follow the Oregon Rules of Professional Conduct governing the attorney-client relationship, he is obligated to defend Defendant as previously ordered by the Court.

To clarify Mr. Ehlers' role, duties, authority, and limitations under these circumstances, the Court sets forth the following guidelines: Mr. Ehlers shall defend Defendant throughout his trial and at all pretrial proceedings. In short, Mr. Ehlers shall put the Government's case to a test. To do so, Mr. Ehlers shall manage, and shall have the authority to manage, the trial and he may make strategic and tactical decisions, including: (1) what pre-trial or trial motions to make or oppose; (2) what evidentiary, factual, or other stipulations to enter into with the Government; (3) what jurors to accept or strike (and to conduct voir dire to the extent permitted by the Court); (4) whether and how to conduct an opening statement, cross-examination (including whether to conduct cross-examination and, if so, what lines of inquiry to pursue), direct examination (including deciding which witnesses to call or subpoena, except for the Defendant himself), and closing argument; and (5) any other trial or pretrial activities allowed by the Court unless expressly limited below. In making these decisions, Mr. Ehlers shall use his best judgment and trial skill and experience.

In light of Defendant's continued refusal to cooperate with Mr. Ehlers and assist in Defendant's own defense, Mr. Ehlers need not obtain Defendant's consent before making any of these strategic or tactical decisions. Mr. Ehlers must, however, timely attempt to inform Defendant of these decisions, his reasons for pursuing them, and their implications and must consider Defendant's comments or input to the extent that any is provided by Defendant.

Mr. Ehlers, however, shall not enter a guilty plea of behalf of Defendant, waive Defendant's right to a jury trial, or require Defendant to testify at trial without Defendant's prior and express consent. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004) ("[C]ertain decisions regarding the exercise or waiver of basic trial rights are of such moment that they cannot be made for the defendant by a surrogate. A defendant . . . has the ultimate authority to determine whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal.") (internal quotation marks and citations omitted); *see also Gov't of Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1434 (3d Cir. 1996) (collecting cases); *United States v. Chapman*, 593 F.3d 365, 368-69 (4th Cir. 2010).

In addition, if at any time during the course of the trial Defendant were to indicate his intention to enter into an attorney-client relationship with Mr. Ehlers, the Court should be timely informed and would then consider revising this clarification of the obligations owed by and authority vested in Mr. Ehlers and the allowable parameters of his representation of Defendant. But even within the context of an attorney-client relationship, Mr. Ehlers would still have the authority to manage the conduct of the trial and make many decisions even without Defendant's consent. *See Taylor v. Illinois*, 484 U.S. 400, 418 (1988).

Under the Oregon Rules of Professional Conduct, an attorney "shall abide by a client's decisions concerning the objectives of representation" and shall "consult with the client as to the

means by which they are to be pursued." Rule 1.2(a). Thus, if an attorney-client relationship were to be formed in this matter, Mr. Ehlers would be required under those rules to keep Defendant informed and to explain all relevant issues to Defendant "to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Rule 1.4.

Finally, regardless of whether an attorney-client relationship is ever formed between Mr. Ehlers and Defendant, under the terms of the Court's order and direction appointing Mr. Ehlers as counsel of record for Defendant, Mr. Ehlers shall maintain all client confidences and secrets of Defendant just as if an attorney-client relationship were in existence.

In conclusion, Patrick J. Ehlers has the authority, duty, obligation, and limitations to represent Defendant in this matter as counsel of record as set forth in this Order.

IT IS SO ORDERED.

Dated this 17th day of April, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

Page 6 – ORDER CLARIFYING ROLE OF DEFENSE COUNSEL IN THIS CASE